IN THE UNITED STATES DISTRICT COURT

FOR THE NOTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$177,795.00 U.S. Currency,<br>Defendant in Rem. | No. 3:25-CV- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against the $177,795.00 U.S. Currency ("Defendant Property").

**NATURE OF THE ACTION**

1. This is a forfeiture action under 21 U.S.C. § 881(a)(6). The United States seeks the forfeiture of the Defendant Property, because it is property furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and in rem jurisdiction is proper under 28 U.S.C. § 1355(b).

3. Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b), because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4. The Plaintiff is the United States of America.

5. The Defendant Property is $177,795.00 in U.S. Currency.

6. The Defendant Property was seized from Duc Chi Ta (hereinafter "Ta") on January 15, 2025 in the Northern District of Texas. It is currently in the custody of the U.S. Marshals.

7. Ta, through his attorney Russell Wilson, filed a claim on March 20, 2025, and sought judicial referral.

8. Attorneys on behalf of Adriana Jones, located in Mount Pleasant, South Carolina, filed a claim on April 28, 2025, and sought judicial referral.

## FACTS

9. The factual basis for the forfeiture in this case involves an investigation by the DEA Enforcement Group 2 into Ta for suspected possession and trafficking of narcotics in the Northern District of Texas.

10. In 2019, DEA Enforcement Group 2 began investigating a drug trafficking organization (DTO) in the Grand Prairie, Texas area. The DTO was responsible for distributing large amounts of marijuana in the DFW area.

11. The DEA Enforcement Group 2 identified Duc Chi Ta as a marijuana distributor for the DTO.

12. On April 29, 2020, DEA Enforcement Group 2 executed a search warrant on Ta's residence and seized $32,125.00 in U.S. Currency.

13. Ta was subsequently prosecuted by the State of Texas and sentenced to prison for drug possession/distribution.

14. On October 4, 2022, Ta was paroled from jail and he returned to the Grand Prairie, Texas area.

15. In December 2024, DEA Enforcement Group 2 received information that Ta was again distributing marijuana around the Grand Prairie area.

16. DEA Enforcement Group 2 and Grand Prairie Police began occasional surveillance of TA's new residence.

17. On January 15, 2025, Grand Prairie Police initiated a traffic stop of a 2024 Black Cadillac Escalade following a traffic violation.

18. Police identified Ta as the driver and sole occupant of the vehicle.

19. Ta was arrested for the traffic violation, and Grand Prairie Police conducted an inventory search of his vehicle.

20. During the inventory search of the vehicle, Grand Prairie Police located multiple bundles of vacuum sealed bags of U.S. Currency located in paper bags in the back of the vehicle.

21. As the currency was processed at the scene, Grand Prairie Police observed a strong odor of marijuana on or about the currency seized.

22. On January 17, 2025, DEA Task Force Officers Justin Guinn and Andrew Yager traveled to Grand Prairie and took possession of the seized U.S. Currency. They transported it to DEA and placed it in the High Value temporary storage.

23. On January 22, 2025, TFO Yager and Special Agent Myles Willis obtained and transported the currency to Loomis.

24. A search of the Texas Workforce Commission database for Ta revealed no wages from employment.

25. Due to Ta's history of drug trafficking and lack of legitimate wages, agents believe that the U.S. currency seized was the product of drug trafficking, and/or used or intended to be used to facilitate an exchange for controlled substances.

**FIRST CAUSE OF ACTION**

**21 U.S.C. § 881(a)(6)**
**(forfeiture of property related to drug trafficking)**

1. The United States reasserts all allegations previously made.

2. Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange

for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 et seq. are subject to forfeiture.

3. Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." An attempt or conspiracy to do the same is also prohibited by 21 U.S.C. § 846.

4. As set forth above, the Defendant Property is cash that was used or intended to be used to facilitate an exchange for a controlled substance, as well as proceeds traceable to such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. This property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully asserts that the Defendant Property is forfeitable to the United States under 21 U.S.C. § 881(a)(6).

The United States further requests:

A. That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(ii), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property.

B. That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C. That a Judgment of Forfeiture be decreed against the Defendant Property;

D. That upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E. That the United States receives its costs of court and all further relief to which it is entitled.

DATED this _18_ th day of June, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


*/s/ Elyse Lyons*
Elyse Lyons
Assistant United States Attorney
Texas Bar No. 24092735
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Elyse.lyons@usdoj.gov

ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Task Force Officer with the Drug Enforcement Agency (DEA). As a Task Force Officer with the DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this _18___ day of June 2025.

  */s/ Justin Guinn*
Task Force Officer Justin Guinn
Drug Enforcement Agency